IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAMS WRECKER SERVICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-13-126-D |
| | ) |
| CITY OF BLANCHARD, OKLAHOMA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Dennis P. Furey, Jr.'s Motion to Dismiss [Doc. No. 11], filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion is filed by Defendant Furey individually and in his capacity as chief of police for Defendant City of Blanchard, Oklahoma (the "City").[1] Plaintiff Adams Wrecker Service has timely opposed the Motion, which is fully briefed and at issue.

Plaintiff is a sole proprietorship that operates a wrecker service in Lindsay, Oklahoma, and provides services to municipalities in the surrounding area.[2] Plaintiff brings suit under 42 U.S.C. § 1983 to recover damages and injunctive relief for an alleged violation of its federal constitutional rights by Defendants' removal of Plaintiff from the police department's wrecker rotation schedule. Plaintiff alleges that a letter received from Defendant Furey notifying Plaintiff of permanent removal, and Defendants' subsequent denial of reinstatement, deprived Plaintiff of a property interest in wrecker referrals without procedural due process and in violation of Oklahoma law.

---

[1] The City states in its Answer that Defandant Furey served as its interim chief of police but he is no longer employed by the City. For purposes of the Motion, the Court must accept Plaintiff's allegations.

[2] Capacity to sue under Fed. R. Civ. P. 17(b)(3) is determined by the law of the forum state. Oklahoma law holds "that in the case of a sole proprietorship, the firm name and the sole proprietor's name are but two names for one person." *Bishop v. Wilson Quality Homes*, 986 P.2d 512, 514-15 (Okla. 1999). However, Oklahoma law permits a suit using a business or trade name, even though the real party in interest is the individual proprietor. *See id*. at 515.

Plaintiff asserts a pendant state law claim under Oklahoma's Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq*.

By the Motion, Defendant Furey first contends the Complaint fails to state a § 1983 claim because no denial of procedural due process is established by the alleged facts, only noncompliance with the applicable state statute, Okla. Stat. tit. 47, § 952. With regard to a suit against him in his individual capacity, Defendant Furey contends he is entitled to qualified immunity from personal liability under § 1983, and he has absolute immunity from tort liability under GTCA. With regard to suit against him in his official capacity, Defendant Furey contends the Complaint fails to allege a basis for municipal liability and an official capacity claim is unnecessary to a suit against the City. The City has answered the Complaint.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. It is particularly important in § 1983 cases for a complaint "to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249-50 (emphasis omitted); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

"'In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1221 (10th Cir. 2011) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)). If a defendant asserts qualified immunity, the plaintiff must allege sufficient facts to overcome this defense. "'In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (alterations by the court in *Brown*); *see also Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). "'In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Brown*, 662 F.3d at 1164 (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (internal quotation omitted by the court in *Brown*).

### Plaintiff's Allegations

The Complaint states that Plaintiff received a letter from Defendant Furey on May 28, 2011, that was dated May 11, 2011. *See* Compl. ¶ 10; *see also* Def.'s Mot. Dism., Ex. 1 [Doc. No. 11-1] (hereafter, the "Letter").[3] The Letter stated it was "to serve as your 10-day notice of removal from the Blanchard Police Department's wrecker rotation schedule as pursuant to Oklahoma Statute Title 47 § 72-952(C) [sic]." *See* Def.'s Mot. Dism., Ex. 1 [Doc. No. 11-1]. The Letter also stated

---

[3] The letter is quoted in the Complaint, and Defendant attaches a copy as Exhibit 1 to his Motion. Because the letter is central to Plaintiff's claims and the authenticity of Defendant's copy is undisputed, the letter may properly be considered under Rule 12(b)(6). *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For convenience, all references are to Defendant's exhibit.

that upon expiration of the 10-day period, "your services will no longer be required by this department and we will not consider reapplication by your service." *Id*. The Letter stated the following reasons for the decision:

> On a consistent basis we have had issues with your timeliness to arrive on the scene and send the proper towing equipment in order to complete the job at hand. We are a minimally staffed police department and cannot afford to have an officer tied up on scene with a vehicle for an unreasonable amount of time.
> We have addressed this with your company on various occasions and we were advised it would be rectified, but it continues to be an issue.

*Id*. The letter concluded: "For the good of the service and the effective and efficient operation of this police department, we are removing you permanently from the wrecker rotation." *Id*.

The Complaint alleges that Plaintiff attempted to contact the City to inform it of the lack of timely notice and noncompliance with statutory requirements of state law. Despite notice of the deficiencies, however, Defendants have allegedly refused to reconsider the decision or to satisfy state law requirements. In support of Plaintiff's § 1983 claim, the Complaint asserts that Plaintiff was deprived of "a property interest in continued wrecker referrals . . . without due process by the Letter's lack of conformance to Oklahoma law, and by its permanency of removal without any prospect of reinstatement or conditions for such." *See* Compl. [Doc. No. 1], ¶¶ 18-19. In support of Plaintiff's tort claim, the Complaint states simply that "[t]he actions of Defendants, or their agents, were negligent." *Id*. ¶ 23. Plaintiff allegedly suffered damages from lost revenue, and Defendants allegedly should be "required to adhere to Oklahoma law with regard to making wrecker referrals and providing for an objective reinstatement process . . . ." *Id*. ¶¶ 25-26.

**Discussion**

**A.     Constitutional Violation**

The court of appeals has held that Oklahoma wrecker or towing service operators may have a constitutionally protected property interest in referrals from a municipal police department due to the expectation conferred by state statutes, specifically, Okla. Stat. tit. 47, §§ 952 and 955. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231-32 (10th Cir. 1990). Defendant Furey does not dispute Plaintiff's assertion that it had a property interest in receiving wrecker referrals from the Blanchard Police Department.[4] Instead, Defendant Furey contends the Complaint lacks sufficient facts to show Plaintiff was denied constitutionally adequate procedures to protect its interest.

Defendant Furey correctly states that the question of what procedures were constitutionally required is a matter of federal law; noncompliance with state statutory requirements is not determinative of whether Defendant Furey provided minimally sufficient procedures to satisfy the Due Process Clause. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1987); *Vitek v. Jones*, 445 U.S. 480, 491 (1980); *see also Guttman v. Khalsa*, 669 F.3d 1101, 1115 (10th Cir. 2012); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003) ("[S]tate law determines whether a person has a property right. But once the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate."). The court of appeals did not address in *Abercrombie* the question of constitutionally adequate termination procedures for wrecker

---

[4] A property interest arises from a legitimate claim of entitlement to a benefit "from sources such as state statutes, local ordinances, established rules, or mutually explicit understandings." *See Abercrombie*, 896 F.2d at 1231 (internal quotation omitted). The court of appeals found in *Abercrombie* that the cited Oklahoma statutes created a property right for licensed wrecker operators located in or near a municipality with a population of less than 50,000 people, to receive nearly equal shares of requests for service, if the municipality did not otherwise regulate wrecker or towing services. *See id.* at 1232. Although the Complaint does not state facts showing these conditions are satisfied, Defendants do not challenge Plaintiff's claim on this basis, and, thus, the Court assumes the conditions are met in this case. Further, the fact that Plaintiff received a letter purporting to comply with § 952 supports the applicability of the statute.

5

service referrals. However, a federal district court addressed precisely this question in *Stillwell v. Lawrence*, 766 F. Supp. 2d 1202 (N.D. Okla. 2011), and looked to cases involving terminations of public employment. *See id.* at 1210 (citing *Benavidez v. City of Albuquerque*, 101 F.3d 620, 626 (10th Cir. 1996)).

The Court agrees with the analysis in *Stillwell*. While due process depends on circumstances of a specific case, removal from a police department's wrecker rotation list deprives a wrecker or towing service of a source of revenue that may be compared to an employee's loss of income from employment when the employee is terminated for cause. Minimal procedural requirements in these circumstances include pretermination notice and an opportunity to respond. *See, e.g.*, *West v. Grand County*, 967 F.2d 362, 368 (10th Cir. 1992) (a brief face-to-face meeting with a supervisor may provide due process). "The objective of the [pretermination] process is 'an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.'" *Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009) (quoting *West*, 967 F.2d at 367). Due process also requires an opportunity for a post-termination hearing at which the decision may be challenged "in a more detailed fashion." *Montgomery v. City of Ardmore*, 365 F.3d 926, 938 (10th Cir. 2004). The adequacy of post-termination procedures depends on the earlier process afforded. "When the pretermination process offers little or no opportunity for the employee to present his side of the case, the procedures in the post-termination hearing become much more important." *Benavidez*, 101 F.3d at 626; *see also Montgomery*, 365 F.3d at 938.

In this case, Plaintiff alleges there was no pretermination notice of removal from the police department's wrecker rotation schedule. Plaintiff's only notice was the Letter, and Plaintiff

allegedly received the Letter after the 10-day period during which Plaintiff could have challenged the decision had expired. Plaintiff also alleges facts to show it had no post-termination opportunity to challenge the removal. The Letter itself stated the removal was permanent and Plaintiff could not reapply, and Plaintiff alleges its post-removal submissions to the City went unanswered. Accepting these factual allegations as true, the Court finds the Complaint adequately states a plausible claim that Plaintiff's constitutional right of procedural due process was violated.

**B.     Qualified Immunity**

Defendant Furey in his individual capacity asserts the defense of qualified immunity, which protects him from personal liability under § 1983 unless he violated a constitutional right that was clearly established at the time of his conduct in the specific context of the case. *See Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010); *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009). "[P]rior caselaw need not address a situation factually identical to that of a defendant officer, but it must 'provide fair warning that [the] officer's conduct would violate constitutional rights.'" *Bowling*, 584 F.3d at 964 (quoting *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 740 (10th Cir. 2007)).

Plaintiff has responded to the qualified immunity defense by arguing that constitutional protection for its right to wrecker referrals has been clearly established since the Tenth Circuit decided *Abercrombie* in 1990, and that the procedures to which Plaintiff was entitled were clearly set out in the applicable state statutes. As previously stated, however, state law does not establish federal constitutional standards. Plaintiff has identified no case law establishing the constitutional due process rights of a business owner entitled to service referrals from a governmental entity, or any similar property right. Although the Court has determined that pretermination notice was

7

required by analogy to employment termination cases, this conclusion is not compelled by Supreme Court or Tenth Circuit authority, or a weight of authority from other jurisdictions.

In this case, the Complaint does not allege that Defendant Furey summarily removed Plaintiff from the wrecker rotation schedule without notice or that Defendant Furey intentionally deprived Plaintiff of an opportunity to challenge the removal. Instead, Plaintiff alleges the Letter sent by Defendant Furey constituted post-deprivation notice and prevented a timely challenge to the removal because Plaintiff received the Letter after the 10-day period had expired. With regard to property rights generally, established law holds that state post-deprivation remedies may be sufficient to satisfy due process under some circumstances. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("an unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available"). In short, Plaintiff does not present any legal authorities that might have given Defendant Furey fair notice that the Letter was insufficient to satisfy federal due process requirements.[5]

Therefore, Defendant Furey in his individual capacity is entitled to dismissal of Plaintiff's § 1983 claim based on his defense of qualified immunity.

## C. Tort Liability

Defendant Furey contends that, because he is immune from tort liability for acts and omissions within the scope of his employment, the only proper defendant for Plaintiff's negligence claim is the City. *See* Okla. Stat. tit. 51, §§ 152.1(A), 163(C); *see also Shephard v. CompSource Okla.*, 209 P.3d 288, 294 (Okla. 2009) (a political subdivision's "liability for loss resulting from the

---

[5] For similar reasons, the court in *Stillwell* found the police chief was entitled to qualified immunity. *See Stillwell*, 766 F. Supp. 2d at 1212.

8

torts of its employees acting within the scope of their employment . . . is exclusive and in place of all other liability of an employee at common law or otherwise" ).  While accepting the legal premise, Plaintiff argues that a dismissal of its tort claim against Defendant Furey would be premature because he might have acted outside the scope of his duties as chief of police, citing the City's answer to the Complaint raising this defense.  Plaintiff does not identify any factual allegations of its pleading, however, to suggest that Defendant Furey was not acting in good faith within the duties of his office in issuing the Letter on behalf of the Blanchard Police Department.  *See* Okla. Stat. tit. 51 § 152(9) (defining "scope of employment"); *see also Shephard*, 209 P.3d at 293 ("acts undertaken with malice or in bad faith" or "contrary to the interests of the employer are not within the scope of employment").  Absent factual support for personal liability, the Court finds that the Complaint fails to state a tort claim against Defendant Furey in his individual capacity.

**D.     Official Capacity Claim**

An official capacity suit is "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation omitted). It "is, in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Id*. at 166; *see Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 & n.2 (10th Cir. 1998); *Johnson v. Board of County Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996).  In other words, bringing a suit against a public employee in his official capacity "is the same as bringing a suit against the [public employer]." *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009).  The same principle applies under state law; it is redundant to sue both a political subdivision and one of its officers in his official capacity.  *See Pellegrino v. State ex rel. Cameron University*, 63 P. 3d 535, 537 (Okla. 2003).

In this case, Plaintiff has sued both the City and its chief of police at the relevant time. Plaintiff's action against Defendant Furey in his official capacity simply duplicates Plaintiff's action against the City and serves no purpose that can be identified from Plaintiff's response brief, which fails to address this issue. Accordingly, the Court finds that Plaintiff's official-capacity claims against Defendant Furey are unnecessary and should be dismissed.

## Conclusion

For these reasons, the Court finds that the Complaint fails to state a § 1983 claim or tort claim against Defendant Furey in his individual capacity and Plaintiff's action against Defendant Furey in his official capacity is duplicative of its action against the City. Therefore, Defendant Furey's Motion should be granted. Plaintiff's request to file an amended complaint to cure the deficiencies of its pleading should be granted with respect to a tort claim but denied as to its § 1983 claim, which is barred by qualified immunity.[6]

IT IS THEREFORE ORDERED that Defendant Furey's Motion to Dismiss [Doc. No. 11] is GRANTED. Plaintiff's § 1983 claim against Defendant Furey is dismissed with prejudice to refiling; Plaintiff may proceed under § 1983 only against the City. Plaintiff may file an amended complaint within 14 days from the date of this Order, if it may do so in accordance with Fed. R. Civ. P. 11(b).

IT IS SO ORDERED this 21st day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] "[A] dismissal with prejudice is appropriate 'where [the] complaint fails to state a claim . . . and granting leave to amend would be futile.'" *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).